**FILED**

JAN 12 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRANDON NIMMER-VEERKAMP, | Case No. C 14-4675 PSG (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JIM MCENTEE, | |
| Defendant. | |

Brandon Nimmer-Veerkamp, a California state pretrial detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Nimmer-Veerkamp has paid the filing fee. For the reasons stated below, the court dismisses this action.

## I. DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] *See* 28 U.S.C. § 1915A(a).

defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B.   Plaintiff's Claim

Nimmer-Veerkamp is currently facing unspecified criminal charges in Superior Court. He alleges that Defendant Jim McEntee, his attorney, is inadequately representing him in the ongoing criminal proceeding. As examples, Nimmer-Veerkamp claims that McEntee convinced him to waive the preliminary hearing, makes rude remarks to him, refused to object to the prosecutor's threats against him, refused to inform Nimmer-Veerkamp about the Three Strikes Law, and other allegations related to McEntee's representation of Nimmer-Veerkamp.

Nimmer-Veerkamp's claim fails as a matter of law because court-appointed attorneys – including public defenders – are not state actors within the meaning of Section 1983. "If a defendant does not act under color of state law, a federal court has no power to entertain a § 1983 complaint against him."[5] The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[6] In reaching this conclusion, the Supreme Court reasoned that though a public defender is "totally dependent financially" on the government, he cannot act under color of state law within the meaning of Section 1983 "because of his independent ethical

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] *Polk Cnty. v. Dodson*, 454 U.S. 312, 336 (1981).

[6] *Id.* at 325.

Case No. C 14-4675 PSG (PR)
ORDER OF DISMISSAL

obligations to his client."[7]  Here, McEntee had an independent ethical obligation to represent Nimmer-Veerkamp, and as such, he cannot be said to have acted under color of state law within the meaning of Section 1983 in the course of that representation even if the attorney-client relationship was initiated by court order.

This action is further dismissed on abstention grounds.[8]  *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.[9]  A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves."[10]  All four requirements are present here.  Because pursuit of this federal action would directly interfere with ongoing criminal proceedings, this case is dismissed.

## II. CONCLUSION

For the foregoing reasons, this action is DISMISSED without prejudice.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 1·5·15

PAUL S. GREWAL
United States Magistrate Judge

---

[7] *Id.* at 331-32.

[8] *See Younger v. Harris*, 401 U.S. 37 (1971) (principles of comity and federalism mandate that federal court not interfere with ongoing state criminal proceedings by injunctive or declaratory relief except under special circumstances).

[9] *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

[10] *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

Case No. C 14-4675 PSG (PR)
ORDER OF DISMISSAL